Filed 2/17/22  P. v. Jennings CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>MATTHEW GEORGE JENNINGS,<br><br>    Defendant and Appellant. | H049043<br>(Santa Clara County<br>Super. Ct. No. 155731) |

Defendant Matthew George Jennings appeals the denial of his Penal Code section 1170.95 petition for resentencing.  At issue is a question that has divided the courts of appeal and is currently pending before the California Supreme Court:  Does a felony-murder special circumstances finding (Pen. Code, § 190.2, subd. (a)(17)) that was made before *People v. Banks* (2015) 61 Cal.4th 788 (*Banks*) and *People v. Clark* (2016) 63 Cal.4th 522 (*Clark*) were decided preclude a defendant from making a prima facie showing of eligibility for relief under Penal Code section 1170.95?  (*People v. Strong*, review granted March 10, 2021, S266606.)  Consistent with an opinion from another panel of this court (*People v. Pineda* (2021) 66 Cal.App.5th 792, review granted September 29, 2021, S270513 (*Pineda*)), we will reverse the order denying defendant's petition and remand the matter with instructions to the trial court to determine whether defendant's conduct was proscribed by the special circumstances statute, as construed in *Banks* and *Clark*.

# I.   TRIAL COURT PROCEEDINGS

Our brief factual summary is derived from this court's prior opinion affirming defendant's judgment on direct appeal.  (*People v. Jennings* (Apr. 11, 2001, H017202) [nonpub. opn.].)  We take judicial notice of that opinion on our own motion for the limited purpose of providing context for the purely legal issue raised in this appeal.  (Evid. Code, §§ 452, subd. (d), 459.)

The manager of a craft store was ambushed at the store after it closed one night in 1991.  The manager was bound with duct tape, robbed, and stabbed over 20 times which led to his death.  Approximately $9,000 was taken from the store's safe.  Defendant and three other individuals were later arrested.  Defendant was charged with first degree murder (Pen. Code, § 187), two counts of robbery (Pen. Code, § 211), and two counts of burglary (Pen. Code, § 459).  (Unspecified statutory references are to the Penal Code.)  As to the murder count, the information alleged special circumstances of lying in wait, torture, burglary, and robbery.  (§ 190.2, subd. (a)(15), (a)(17)(A), (a)(17)(G).)  Defendant pleaded guilty to one burglary count and one robbery count before trial (both for conduct on a different date unrelated to the homicide).

There was trial testimony that defendant was the " 'leader of the pack' " of men charged with the killing.  An acquaintance testified to hearing defendant and the other men brag about committing robberies using a stun gun, and overhearing the men talk about their plan to rob the specific craft store where the manager was killed.  The same witness testified that defendant appeared to be one of the masterminds behind the planned craft store robbery.  But evidence from multiple sources suggested that defendant was not in the store when the manager was murdered, including a jail call from defendant to his former girlfriend and statements to police by all three codefendants that defendant was outside during the killing.  Blood matching the manager's blood type was found on the clothing of the three codefendants when they were arrested, but no blood was found on defendant's clothing at the time of his arrest.

The jury found defendant guilty as charged, and found true three special circumstance allegations (for lying in wait, burglary, and robbery). The trial court sentenced him to a life term without the possibility of parole for the murder count, consecutive to five years eight months for the burglary and robbery counts to which defendant had pleaded guilty before trial. (The lying-in-wait special circumstances finding was later invalidated by a federal district court on collateral habeas review.)

Defendant petitioned for section 1170.95 relief in 2019. The trial court ultimately denied the petition, reasoning that "an undisturbed felony murder special circumstance bars section 1170.95 relief as a matter of law."

## II.    DISCUSSION

Senate Bill No. 1437 (2017-2018 Reg. Sess.) amended the " 'felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life.' " (*Pineda*, *supra*, 66 Cal.App.5th at pp. 797–798, rev. granted.) As amended by that bill, section 189, subdivision (e) imposes felony murder liability on a participant "only if he or she was the actual killer; acted with the intent to kill in aiding, abetting, counseling, commanding, inducing, soliciting, requesting, or assisting in first degree murder; or 'was a major participant in the underlying felony and acted with reckless indifference to human life, as described in subdivision (d) of [s]ection 190.2.' " (*Pineda*, at p. 798, quoting § 189, subd. (e)(3).) The bill also added section 1170.95, under which defendants serving sentences for murder convictions can petition to be resentenced on a showing that they could no longer be convicted of murder under the new law.

The jury in this case found true the felony-murder allegations that the murder occurred during a robbery and a burglary. Felony-murder liability applies "where (1) the murder occurred during the commission of a specified felony and (2) the defendant was

the actual killer; with the intent to kill, aided, abetted, counseled, commanded, induced, solicited, requested, or assisted in the commission of the murder; or with reckless indifference to human life and as a major participant, aided, abetted, counseled, commanded, induced, solicited, requested, or assisted in the commission of the felony." (*Pineda*, *supra*, 66 Cal.App.5th at p. 798, rev. granted; see § 190.2, subd. (a)(17), (c), (d).)

Two California Supreme Court cases decided after defendant's trial clarified the meaning of the felony-murder special circumstances statute. *Banks* concluded that the "ultimate question" regarding whether a defendant is a major participant is "whether the defendant's participation 'in criminal activities known to carry a grave risk of death' [citation] was sufficiently significant to be considered 'major.' " (*Banks*, *supra*, 61 Cal.4th at p. 803.) *Clark* clarified "case-specific factors that are relevant to whether a defendant exhibited reckless indifference to human life: (1) the defendant's knowledge of weapons, number of weapons, and whether the defendant used a weapon; (2) the defendant's physical presence at the crime and opportunities to restrain the crime and/or aid the victim; (3) the duration of the felony; (4) the defendant's knowledge of a cohort's likelihood of killing; and (5) the defendant's efforts to minimize the risks of violence during the felony." (*Pineda*, *supra*, 66 Cal.App.5th at p. 799, rev. granted, citing *Clark*, *supra*, 63 Cal.4th at pp. 618–622.) An individual with a felony-murder special circumstances finding made before *Banks* and *Clark* may petition via habeas corpus to have the finding invalidated. The petition must show there is no material factual dispute relating to the petitioner's conviction, and that the special circumstances statute as construed in *Banks* and *Clark* did not encompass the conduct. (*In re Scoggins* (2020) 9 Cal.5th 667, 674.) Felony-murder special circumstances as clarified by *Banks* and *Clark* mirror the post-Senate Bill No. 1473 requirements for felony murder. (*Pineda*, at p. 799.)

4

The courts of appeal are divided regarding how to resolve a section 1170.95 petition from an individual who, like defendant, was found guilty of murder with felony-murder special circumstances before the Supreme Court decided *Banks* and *Clark*. Some courts have determined that a defendant must first successfully obtain habeas relief regarding the special circumstances finding, concluding that until habeas relief is obtained a defendant is ineligible as a matter of law for section 1170.95 relief. (*Pineda*, *supra*, 66 Cal.App.5th at p. 800, rev. granted [collecting cases; e.g., *People v. Simmons* (2021) 65 Cal.App.5th 739, 742, review granted September 1, 2021, S270048].) Other courts have not imposed the habeas corpus prerequisite, concluding that a defendant may " 'pursue relief by attacking his murder conviction—not his special circumstance finding—on the ground that, under current law as revised by Senate Bill 1437, he could no longer be convicted of murder.' " (*Pineda*, at p. 800, quoting *People v. Secrease* (2021) 63 Cal.App.5th 231, 250, review granted June 30, 2021, S268862 (*Secrease*).) Still others have taken a middle approach, reasoning that "where a petitioner facing a felony-murder special-circumstance finding has never been afforded a *Banks* and *Clark* sufficiency-of-the-evidence review—by any court, at the trial or appellate level— section 1170.95 courts have an obligation to undertake such an analysis at the prima facie entitlement-to-relief stage of a resentencing proceeding under subdivision (c) of the statute." (*Secrease*, at p. 255.) The issue is pending in the California Supreme Court in *Strong*. (*People v. Strong*, review granted March 10, 2021, S266606.)

A panel of this court reviewed the foregoing authorities and adopted the third approach. (*Pineda*, *supra*, 66 Cal.App.5th at p. 801, rev. granted .) We agree with *Pineda* and are persuaded that defendant should not be deemed categorically ineligible for relief under section 1170.95 merely because a felony-murder special circumstances finding was made before the Supreme Court clarified the standard in *Banks* and *Clark*. Nor would it serve judicial economy to require defendant to seek habeas relief before petitioning under section 1170.95.

Defendant is entitled to resume proceedings in the trial court at the section 1170.95, subdivision (c) entitlement-to-relief stage, " 'where the court's task will be narrowly focused on whether, without resolving conflicts in the evidence and making findings, the evidence presented at trial was sufficient to support the felony-murder special-circumstance finding under *Banks* and *Clark*.' " (*Pineda*, *supra*, 66 Cal.App.5th at pp. 801–802, rev. granted.) If the evidence is sufficient to support the felony-murder finding under those authorities, defendant is ineligible for section 1170.95 resentencing as a matter of law. If the evidence is insufficient to support that finding, the trial court must issue an order to show cause and conduct an evidentiary hearing under section 1170.95, subdivision (d).

The Attorney General urges us to satisfy the *Banks/Clark* review because it presents a question of law. But consistent with *Secrease* and *Pineda*, we find remand appropriate, as it will allow the parties to fully develop their positions and the record regarding this potentially dispositive issue.

### III.    DISPOSITION

The order denying defendant's Penal Code section 1170.95 petition is reversed. The matter is remanded to the superior court with directions to conduct a new prima facie review consistent with this opinion.

_____

Grover, J.

**WE CONCUR:**

_____

Greenwood, P. J.

_____

Lie, J.

**H049043 -** *The People v. Jennings*